# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HOWARD COHAN,

    Plaintiff,

v.

DULUTH HOLDINGS INC., a Wisconsin corporation,

    Defendant.
_____/

Case No.

Hon.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his complaint for declaratory and injunctive relief to remedy discrimination by Duluth Holdings, Inc. based on plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a corporation with its registered office located at 40600 Ann Arbor Rd E, Ste 201, Plymouth, MI 48170.

5. Upon information and belief, defendant owns or operates Duluth Trading whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit.

8. At the time of plaintiff's initial visit to Duluth Trading (and prior to instituting this action), plaintiff suffered from a qualified disability under 28 C.F.R. 36.104.

9. Plaintiff was denied full and equal access and enjoyment of the services, goods and amenities due to barriers present at the Facility and a failure of defendant to make reasonable accommodations.

10. Plaintiff would return to the Facility if defendant modifies the Facility and its policies and practices to accommodate individuals who have physical

disabilities, but he is deterred from returning due to the discriminatory conditions at the Facility.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

11.  Plaintiff incorporates the above paragraphs by reference.

12.  This Court is empowered to issue a declaratory judgment regarding: (1) defendant's violation of 42 U.S.C. § 12182; (2) defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) defendant's duty to remove architectural barriers at the Facility; and (4) plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

13.  Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

14.  Plaintiff incorporates the above paragraphs by reference.

15.  Duluth Trading is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

16.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

17.     Architectural barriers exist which denied plaintiff full and equal access to the goods and services defendant offers to non-disabled individuals.

18.     Plaintiff personally encountered architectural barriers on March 21, 2018, at the Facility located at 10900 Assembly Park Dr, Wixom, MI 48393:

    a.    Restroom:

        i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

        ii.    Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

        iii.    Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

      iv.      Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

      v.      Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

   b.    Computer Look-Up Center:

      i.      Failing to provide accessible seating for person(s) with a disability at a bar or adjacent table in the bar area, recreational area or a table area adjacent to a pool for food or beverage service, or at a computer work surface such as in a business center, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, 305, 306 and/or §4.32.4 of the 1991 ADA Standards.

      ii.      Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

19.    Defendant's policies, practices, or procedures of not training its staff to identify and reasonably modify its services creates an environment where

individuals with disabilities are not provided goods and services in the most integrated setting possible.

20. Defendant has discriminated and continues to discriminate against plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and violations listed in this Complaint.

21. Defendant has failed to remove some or all of the barriers and violations at the Facility.

22. It would be readily achievable for defendant to remove all of the barriers at the Facility.

23. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

24. Defendant's failure to modify its policies, practices, or procedures to allow its goods and services to be provided in the most integrated setting is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

A.  declare that the Facility identified in this Complaint is in violation of the ADA;

B.  declare that the Facility identified in this Complaint is in violation of the ADAAG;

C.  enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D.  enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.  award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.  grant any other such relief as the Court deems just and proper.

        Respectfully Submitted,

        BLACKMORE LAW PLC

        /s/ George T. Blackmore
        _____

        Blackmore Law PLC
        Attorney for Plaintiff
        21411 Civic Center Drive, Suite 200
        Southfield, MI 48076
        Telephone: (248) 845-8594
        E-mail: george@blackmorelawplc.com
        P76942

Dated: July 3, 2018